UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| KENNETH HOWARD, | Case No. 17-cv-1741 |
| Plaintiff, | |
| vs. | |
| MARINE CREDIT UNION and ALWAYS TOWING & RECOVERY INC., | |
| Defendants. | |

## COMPLAINT

NOW COMES Plaintiff, Kenneth Howard, by and through his attorneys, DeLadurantey Law Office, LLC, and complains of Defendants Marine Credit Union and Always Towing & Recovery Inc., and alleges to the best of his knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

### Nature of the Action

1. This lawsuit arises from the collection attempts of the Defendants.

2. Causes of Action herein are brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983 *et seq.*, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Wisconsin Consumer Act ("WCA"), Wis. Stat. 421 *et seq*.

## Jurisdiction and Venue

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

4. This Court also has jurisdiction pursuant to 15 U.S.C. § 1692k(d) as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred

5. This Court has supplemental jurisdiction over the claims arising under the Wisconsin Consumer Act under 28 U.S.C. §1367, because the Wisconsin Consumer Act claims are related to the FDCPA claims as they arise under the same set of facts, becoming part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

7. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendants are subject to personal jurisdiction in Wisconsin, as the actions giving rise to the lawsuit occurred in Wisconsin.

## Parties

8. Plaintiff Kenneth Howard (hereinafter "Mr. Howard") is a natural person who resides in the City of Milwaukee, County of Milwaukee, State of Wisconsin.

9. Mr. Howard is a "consumer" as defined by 15 U.S.C. §1962a(3).

10. Defendant Marine Credit Union (hereinafter "Defendant Marine") is a domestic business with a principal office of 811 Monitor St., La Crosse, WI 54603, and a registered agent of Shawn Hanson, 811 Monitor St., La Crosse, WI 54603.

11. Defendant Marine is a "creditor" as defined by 15 U.S.C. § 1692a(4), a "debt collector" as defined by Wis. Stat. § 427.103(3), and a "merchant" as the term is defined by Wis. Stat. § 421.301(25).

12. Defendant Marine is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondent superior, agency, and vicarious liability.

13. Defendant Always Towing & Recovery Inc. (hereinafter "Defendant Always Towing") is a domestic business with a principal office of 3700 W. Wells St., Milwaukee, WI 53208, and a registered agent of Jason Pehowski, 3700 W. Wells St., Milwaukee, WI 53208.

14. Defendant Always Towing regularly attempts to collect debts owed to others and is a "debt collector" as defined by 15 U.S.C. §1692a(6) and Wis. Stat. § 427.103(3).

15. Defendant Always Towing is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondent superior, agency, and vicarious liability.

## BACKGROUND

16. Defendant Marine had a lien on a vehicle purchased by Mr. Howard.

17. Mr. Howard fell behind on his payments in 2017.

18. By December 2017, Mr. Howard had established payment arrangements on his delinquency to prevent the repossession of his vehicle.

19. Defendant Marine Credit Union hired Defendant Always Towing to repossess Mr. Howard's vehicle on their behalf.

20. On or around December 10, 2017, while in a restaurant, Mr. Howard saw a tow truck and repossession agent from Defendant Always Towing approach his vehicle.

21. Mr. Howard went outside to talk to the repossession agent.

22. The repossession agent informed Mr. Howard that he was there to repossess Mr. Howard's vehicle.

23. Mr. Howard told the repossession agent that he could not take the vehicle.

24. The repossession agent then threatened to call the police, and that if the police were summoned that Mr. Howard would be arrested.

25. Mr. Howard feared arrest by the police officer if he resisted the repossession of his vehicle.

26. Despite his verbal protest to the repossession, the agents of Defendant Always Towing physically intimidated Mr. Howard and asserted their right to take the vehicle.

27. The vehicle of Mr. Howard was in fact repossessed at that time.

### Count 1 – Violations of the Fair Debt Collection Practices Act (15 U.S.C. §1692) – Defendant Always Towing & Recovery Inc.

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing deliberate acts by Defendant Always Towing constitute violations of the FDCPA, including but not limited to 15 U.S.C. §1692f(6).

30. Specifically, Defendant Always Towing could not legally take the vehicle due to the protest by Mr. Howard, since the taking after protest is a breach of the peace.

31. As a result of the above violations of the FDCPA, Mr. Howard has suffered emotional distress and loss of property, constituting actual damages pursuant to 15 U.S.C. §1692k(a)(1).

32. Defendant Always Towing is liable to Plaintiff for actual damages, statutory damages, and costs and attorneys' fees, as provided by 15 U.S.C. § 1692k.

**Count 2 – Violations of the Wisconsin Consumer Act (Wis. Stat. § 425), as to Defendant Marine Credit Union and Defendant Always Towing & Recovery Inc.**

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Repossessions are governed by Wis. Stat. § 425.206(2), which states, "In taking possession of collateral or leased goods, no merchant may do any of the following: (a) Commit a breach of the peace. (b) Enter a dwelling used by the customer as a residence except at the voluntary request of a customer."

35. A breach of the peace occurs when the property is taken over the objection of the debtor. *Hollibush v. Ford Motor Credit Co.*, 508 N.W.2d 449 (WI Ct. App. 1993).

36. A breach of the peace occurred when the car was taken after Mr. Howard protested its taking.

37. Under Wis. Stat. 425, Mr. Howard is seeking damages against all Defendants. These damages include return of the vehicle (or in the alternative payment of the fair market value of the vehicle), to have the vehicle lien avoided, seeking the return of payments already made towards the car, waiver of any balance on the loan, additional actual damages, punitive damages, and seeking reimbursement of attorney fees and costs.

**Trial by Jury**

38. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Mr. Howard prays that this Court will enter judgment against the Defendants as follows:

A.	for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant Always Towing;

B.	for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant Always Towing;

C.	for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant Always Towing;

D.	for the vehicle lien to be avoided, the return of payments already made towards the car, and seeking reimbursement of attorney fees and costs under Wis. Stat. § 425 against the Defendants;

E.	for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105 against the Defendants;

F.	for such other and further relief as may be just and proper.

Dated this 13th day of December, 2017.

**DeLadurantey Law Office, LLC**

s/ Nathan E. DeLadurantey
Nathan E. DeLadurantey (WI# 1063937)
DeLadurantey Law Office, LLC
330 S. Executive Drive, Suite 109
Brookfield, WI 53005
(414) 377-0515; (414) 755-0860 – Fax
Nathan@dela-law.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, <u>Kenneth Howard</u>, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

*Kenneth Howard*
Kenneth Howard (Dec 13, 2017)
_____
Kenneth Howard